UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN McHENRY** | **CIVIL ACTION NO. 3:16-CV-0637** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **MIKE TUBBS, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Kevin McHenry, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 9, 2016 alleging that he was falsely imprisoned after a June 8, 2012 arrest. Plaintiff is currently a pretrial detainee custody at the Morehouse Parish Jail, awaiting trial on unrelated charges[1]. He has named Morehouse Parish Sheriff Mike Tubbs, Morehouse Parish District Attorney Jerry Jones, Morehouse Parish Sheriff's Office Investigator Mitchel Jessilink, Officer Colby Derek Ainsworth, Assistant District Attorneys Stephen Sylvester and John Spires and Judge Rambo as defendants, praying for compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §§636, 1915, and 1915A. For the following reasons, it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On June 8, 2012, Plaintiff was arrested on charges of Second Degree Murder in Morehouse Parish, Louisiana. He asserts in his Complaint that the Sheriff and District Attorney knew that the investigator in the case, defendant Mitchel Jessilink, had manipulated the investigation. [Rec. Doc.

---

[1]In the event that any of plaintiff's claims arise out of his *current* confinement, he should file a new complaint and address same therein.

1, p. 4] He remained in jail from June 8, 2012, until July 24, 2015, at which time the charges were dropped. *Id.* The Court has no more information regarding the details of the arrest or incarceration, despite requesting that plaintiff amend and provide a detailed description of the charges that resulted in the incarceration and provide, if available, copies of the arrest reports, affidavits of the arresting officers, court minutes to establish whether any probable cause determinations were made with respect to the arrest and documentation regarding dismissal of the charges. [See Rec. Doc. 7, p.5]

Plaintiff seeks compensatory damages for loss of wages and punitive damages for his incarceration, which he claims continued despite the defendants' knowledge that Plaintiff was innocent, and even after the arrest of Mitchel Jessilink for malfeasance in office. [Rec. Doc. 1, p. 4]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

*2. Prescription*

Plaintiff claims that he was falsely arrested and charged with Second Degree Murder on June

8, 2012, and that he was thereafter falsely imprisoned on that charge until July 24, 2015, when the charges were dismissed. [Rec. Doc. 1, p. 4]

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, <u>begins to run at the time the claimant becomes detained pursuant to legal process.</u>" *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007) (Emphasis supplied). It is unclear whether plaintiff was

arrested pursuant to a warrant or not. Under Louisiana law, if a person is arrested pursuant to a warrant, the determination of probable cause and the subsequent detention of the arrestee is made at the time that the warrant is issued. See La. C.Cr.P. art. 202. Persons arrested without a warrant are entitled to a probable cause determination by a Magistrate within 48 hours of their arrest and the failure to afford such a determination results in the immediate release of the arrestee. La. C.Cr.P. art. 230.2. Presumably, and in the absence of any allegations to the contrary, plaintiff was either arrested on a warrant or otherwise afforded a probable cause determination within 48 hours of his arrest, or no later than June 10, 2012. Plaintiff's false arrest and imprisonment claims thus accrued on that date when the State court determined that there was probable cause to arrest and prosecute the plaintiff on charges of second degree murder. *Compare Villegas v. Galloway*, 458 Fed. Appx. 334, 338, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued in 2003, when a magistrate judge found probable cause to detain Villegas pending trial.")

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year, or until June 10, 2013, at the latest, to file his civil rights complaint claiming false arrest/imprisonment in violation of his Fourth and Fourteenth Amendment rights. Plaintiff's complaint was filed on May 5, 2016, well beyond the expiration of the 1-year period of limitations and therefore the complaint is subject to dismissal as barred by the

statute of limitations.[2]

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, October 5, 2016.

　　　　　　　　　　　　　　　　　　　　**KAREN L. HAYES**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[2] In the event that plaintiff objects to this Report and Recommendation, he should, in his objection address the issue of prescription and provide a chronology, preferably by way of the minutes of court, to establish that his claim is not time-barred.